## 458

Argued and submitted November 25, 1998, affirmed April 7, 1999

OREGON OCCUPATIONAL SAFETY
& HEALTH DIVISION,
*Respondent,*

*v.*

D & H LOGGING, INC.,
*Petitioner.*

(SH-94298; CA A98579)

979 P2d 297

Elliott C. Cummins argued the cause for petitioner. With him on the brief was Cummins, Goodman, Fish & Platt, P. C.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

---

* Deits, C. J., *vice* Warren, P. J., retired.

EDMONDS, P. J.

## EDMONDS, P. J.

Petitioner, a logging company, seeks review of an administrative order that found it in violation of safety regulations arising out of an inspection by the Oregon Occupational Safety and Health Division (OR-OSHA) of its logging site. Petitioner argues that OR-OSHA's citation that led to the findings was the result of an inspection that was unlawful under the applicable administrative rules, and that the citation should therefore be dismissed. We review for errors of law, ORS 183.482(8)(a) and affirm.

The administrative law judge found that, on the occasion in question, a safety compliance officer for OR-OSHA made observations from a public highway which led him to believe that a safety violation existed at petitioner's logging site in the woods. An inspection ensued, which led to the issuance of the citation on which this proceeding is based. Petitioner argues that the inspection was unlawful because its work site was not selected for inspection in accordance with the applicable administrative rules that govern the manner in which inspections occur.

The selection of an employer for inspection is governed by OAR 437-01-057(1) (1994). It provides, in pertinent part:

"(1)   Scheduling and Selection of Routine, Periodic, and Area Safety Inspections:

"(a)   The Division shall schedule routine, periodic, and area safety inspections according to a priority system.

"(b)   The Division shall identify the most hazardous industries and places of employment through information obtained from the Department of Consumer and Business Services claim and employer files, the Bureau of Labor Statistics Occupational Injury and Illness Survey, and knowledge of recognized hazards associated with certain processes. This information shall be provided by the Division to its field offices, at least on an annual basis.

"(c)   The following criteria shall be used to establish safety scheduled inspection lists:

"(A)   Routine Inspections - High hazard.

"(i)  Fixed places of employment shall be placed on three lists as described below and shall be placed in the following descending order:

"(I)  The place of employment employs 11 or more employees and had one or more accepted disabling claims filed at that place of employment.

"(II)  The place of employment employs 10 or fewer employees and had one or more accepted disabling claims filed at that place of employment.

"(III)  The place of employment is in an industry group which has a lost workday cases incidence rate above the current national average lost workday cases incidence rate (LWDCIR) for all employers. Industry group means the employer's three-digit Standard Industrial Classification except for the manufacturing industries which are recorded by the four-digit Standard Industrial Classification.

"(ii)  Non-fixed Places of Employment - an inspection may be scheduled when the place of employment is within an industry group which has a lost workday cases incidence rate above the national average rate for all employers, according to the current U. S. Bureau of Labor Statistics Survey. Industry group means the employer's three-digit Standard Industrial Classification except for manufacturing industries which are recorded by the four-digit Standard Industrial classification.

"(I)  Those places of employment scheduled according to OAR 437-01-057(1)(c)(A)(ii) above, shall be selected when the Division determines the location of a worksite. After the first inspection has been made, additional routine inspections may be made when operations or processes at the site have changed or the location is different.

"* * * * *

"(d)  The inspection lists received at the field office shall be combined by the Field Office Supervisor prior to distribution to the Compliance Officers to make efficient use of resources. Employers may be added to the high hazard scheduling list based on knowledge of recognized hazards associated with certain processes.

"(e)  The Field Office Supervisors shall provide each Compliance Officer with a list of inspections on a periodic basis and the Compliance Officer shall make a reasonable

effort to inspect each employer on that list prior to receiving another list. The list shall generally be followed in descending order but may be inspected in any order to utilize the Compliance Officer's time efficiently. Consideration for change of order will be for geographic location and size of firm."

Petitioner argues:

"OAR 437-01-057(1) [(1994)] mandates the method that OR-OSHA must employ to both schedule and select employers for routine inspections. That method involves the preparation of inspection lists by OR-OSHA's management employees, using neutral criteria and a priority system. Thereafter, the inspection lists are to be provided to OR-OSHA's field officers who are to inspect the work sites indicated on the list.

"In the case before the Court, this did not occur. Rather, the field compliance officer unilaterally selected the Employer for inspection when he happened across the worksite. Employer contends that since it was not validly selected for inspection, that the inspection itself was invalid, in effect a nullity, and that OR-OSHA is not entitled to issue a citation pursuant to an illegal and invalid inspection." (Footnote omitted.)

OR-OSHA argues that it is undisputed that petitioner's workplace was a "non-fixed place of employment" and that logging is a high hazard industry. OR-OSHA points out that OAR 437-01-057 distinguishes between inspections of fixed workplaces and of nonfixed workplaces and that this case involves a routine inspection of a nonfixed, high hazard place of employment. The routine inspections of *fixed places* of high hazard employment involve the use of prepared lists, and workplaces are placed on one of three lists depending on the size of the workforce and the incident of injury at the workplace. In contrast, OR-OSHA interprets the rule not to require priority lists for routine inspections of nonfixed high hazard places of employment because of the mobile nature of the workplaces. Therefore, it contends that the rule permits the routine inspection of a *nonfixed* high hazard sites as soon as their locations are determined.

■ In *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994), the court said:

"As noted, this court is authorized to overrule an agency's interpretation of a rule if an agency has 'erroneously interpreted a provision of law.' ORS 183.484(8)(a). In this case, the 'provision of law' is the rule itself. Where, as here, the agency's plausible interpretation of its own rule cannot be shown either to be inconsistent with the wording of the rule itself, or with the rule's context, or with any other source of law, there is no basis on which this court can assert that the rule has been interpreted 'erroneously.' It follows that, in circumstances like those presented here, this court cannot overrule, under ORS 183.482(8)(a), an agency's interpretation of its own rule." (Footnote omitted.)

The above proposition of law governs the analysis of the issue in this case.

■ It is correct, as petitioner contends, that OAR 437-01-057(1)(a) requires that OR-OSHA "shall" schedule routine inspections according to a priority "system" and that OAR 437-01-057(1)(c) provides that "the following criteria shall be used to establish safety scheduled inspection lists." However, section (c) also distinguishes between the inspections of fixed places of employment and the inspections of nonfixed places of employment. While fixed places of employment are required to be designated on prioritized scheduling lists, the inspections of nonfixed places of employment may be "scheduled" when the place of employment is within an industry group that has a lost workday incidence above that of the national average. Such places of employment "shall be selected when the Division determines the location of a worksite." Section (1)(c)(A)(ii) says nothing about "lists." When the two provisions of section (1)(c)(A)(ii) are read together, OR-OSHA is authorized to immediately schedule an inspection when it locates a qualified nonfixed work site. Thus, section (1)(c)(A)(ii) can be plausibly understood to create an implicit exception to the requirement of section (1)(c) that lists be prepared and to constitute a discrete "priority system" within the meaning of section (1)(a). Accordingly, the safety officer's inspection in this case was in compliance with OR-OSHA's interpretation of its own rule.

Petitioner's other arguments do not require discussion.

Affirmed.